## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ABRAHAM SIGURD LEE,

      Plaintiff,

    v.

SCI CAMP HILL, *et al.*,

      Defendants.

No. 1:25-CV-01815

(Chief Judge Brann)

## MEMORANDUM OPINION

### JANUARY 14, 2026

Plaintiff Abraham Sigurd Lee filed the instant *pro se* Section 1983[1] lawsuit, alleging constitutional violations by officials at the State Correctional Institution in Camp Hill, Pennsylvania (SCI Camp Hill). Because Lee fails to state a claim upon which relief may be granted, the Court will dismiss his complaint pursuant to 28 U.S.C. § 1915A(b)(1) but will grant him leave to amend.

## I.     BACKGROUND

During the events that underlie the instant lawsuit, Lee was incarcerated at SCI Camp Hill. It appears that shortly after filing his complaint, he was released from prison and resides in Minneapolis, Minnesota.[2]

---

[1]  42 U.S.C. § 1983. Section 1983 creates a private cause of action to redress constitutional wrongs committed by state officials. The statute is not a source of substantive rights; it serves as a mechanism for vindicating rights otherwise protected by federal law. *See Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002).

[2]  *See* Doc. 13.

In his lawsuit, Lee alleges that unspecified corrections officers at SCI Camp Hill rejected privileged mail sent to him by a court on three separate occasions for "wrong coding."[3]  He provided one example of the rejected correspondence, which indicates that it was sent to him by the United States District Court for the District of Minnesota and was returned to sender because it had "incorrect coding."[4]  Lee maintains that such legal mail "holds no threat to the SCI Camp Hill facility," does not interfere with "the penological interests" of the prison, and should be provided to the inmate-addressee rather than returned to sender.[5]

Lee lodged the instant Section 1983 complaint in the United States District Court for the Eastern District of Pennsylvania in September 2025.[6]  The Eastern District then transferred the case to this Court via 28 U.S.C. § 1406(a).[7]  Lee eventually paid the statutorily required initial partial filing fee in December 2025, rendering his case ripe for screening under 28 U.S.C. § 1915A(a).

Lee sues three defendants: SCI Camp Hill, Superintendent Michael Gourley, and Cumberland County, Pennsylvania.[8]  As best as the Court can discern, he appears to be asserting a First Amendment free speech claim and a First and

---

[3]  Doc. 1 at 2.

[4]  *See* Doc. 1-1 at 3.

[5]  Doc. 1 at 2.

[6]  *See generally* Doc. 1.

[7]  *See* Doc. 3.

[8]  *See* Doc. 1 at 1; Doc. 9.  In his initial complaint, Lee named "Columbia County, Pennsylvania," as a defendant, but then moved to amend this defendant to "Cumberland County, Pennsylvania," when he realized that he had identified the wrong county.  *See* Doc. 9.  The Court will grant this motion to amend.

Fourteenth Amendment access-to-courts claim.[9]  It is possible that Lee is also attempting to assert a Fourteenth Amendment procedural due process claim.[10]  It is unclear which Defendant or Defendants are targeted by each claim.  Lee seeks money damages and injunctive relief in the form of a change to SCI Camp Hill's legal mail policy.[11]

## II.    STANDARDS OF REVIEW

Courts are statutorily obligated to review, "as soon as practicable," *pro se* prisoner complaints targeting governmental entities, officers, or employees.[12]  One basis for dismissal at the screening stage is if the complaint "fails to state a claim upon which relief may be granted[.]"[13]  This language closely tracks Federal Rule of Civil Procedure 12(b)(6).  Accordingly, courts apply the same standard to screening a *pro se* prisoner complaint for sufficiency under Section 1915A(b)(1) as they utilize when resolving a motion to dismiss under Rule 12(b)(6).[14]

In deciding a Rule 12(b)(6) motion to dismiss, courts should not inquire "whether a plaintiff will ultimately prevail but whether the claimant is entitled to

---

[9]   *See* Doc. 1 at 2, 4.
[10]   *See id.* at 2.
[11]   *Id.* at 4.
[12]   *See* 28 U.S.C. § 1915A(a).
[13]   *Id.* § 1915A(b)(1).
[14]   *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 109-10 & n.11 (3d Cir. 2002); *O'Brien v. U.S. Fed. Gov't*, 763 F. App'x 157, 159 & n.5 (3d Cir. 2019) (per curiam) (nonprecedential); *cf. Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000).

offer evidence to support the claims."[15]  The court must accept as true the factual allegations in the complaint and draw all reasonable inferences from them in the light most favorable to the plaintiff.[16]  In addition to the facts alleged on the face of the complaint, the court may also consider "exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents" attached to a defendant's motion to dismiss if the plaintiff's claims are based upon these documents.[17]

When the sufficiency of a complaint is challenged, the court must conduct a three-step inquiry.[18]  At step one, the court must "tak[e] note of the elements [the] plaintiff must plead to state a claim."[19]  Second, the court should distinguish well-pleaded factual allegations—which must be taken as true—from mere legal conclusions, which "are not entitled to the assumption of truth" and may be disregarded.[20]  Finally, the court must review the presumed-truthful allegations "and then determine whether they plausibly give rise to an entitlement to relief."[21]

---

[15]  *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *see Nami v. Fauver*, 82 F.3d 63, 66 (3d Cir. 1996).

[16]  *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008).

[17]  *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010) (citing *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993)).

[18]  *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (internal citations and quotation marks omitted) (footnote omitted).

[19]  *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009) (alterations in original)).

[20]  *Id.* (quoting *Iqbal*, 556 U.S. at 679).

[21]  *Id.* (quoting *Iqbal*, 556 U.S. at 679).

Deciding plausibility is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[22]

Because Lee proceeds *pro se*, his pleadings are to be liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]"[23]

## III.    DISCUSSION

After careful review of Lee's complaint, he fails to state a Section 1983 claim upon which relief may be granted.  The Court will address his numerous pleading deficiencies in turn.

### A.    Personal Involvement

It is well established that, in Section 1983 actions, liability cannot be "predicated solely on the operation of *respondeat superior*."[24]  Rather, a Section 1983 plaintiff must aver facts that demonstrate "the defendants' personal involvement in the alleged misconduct."[25]  Personal involvement can include direct wrongful conduct by a defendant, but it can also be demonstrated through allegations of "personal direction" or of "actual knowledge and acquiescence"; however, such averments must be made with particularity.[26]  Furthermore, it is

---

[22]    *Iqbal*, 556 U.S. at 681.

[23]    *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citations omitted).

[24]    *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988) (citations omitted); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) (affirming same principle in *Bivens* context).

[25]    *Dooley*, 957 F.3d at 374 (citing *Rode*, 845 F.2d at 1207).

[26]    *Id.* (quoting *Rode*, 845 F.2d at 1207).

equally settled that involvement in the post-incident grievance process alone does not give rise to Section 1983 liability.[27]

Lee asserts some or all Section 1983 claims against Superintendent Gourley. He does not, however, plausibly allege how Superintendent Gourley was personally involved in the rejection of his privileged mail or any related violation of his federal rights. Lee offers one sentence with respect to the superintendent: "Superintendent Michael Gourley is at all times responsible for the actions and training of the employees regarding correctional security[,] including that of legal mail."[28] This assertion is a quintessential example of *respondeat superior* (that is, vicarious liability for Superintendent Gourley based on the conduct of others), which does not apply to Section 1983 claims.

To plausibly plead a Section 1983 claim, Lee must specify each Defendant's personal involvement in the alleged constitutional misconduct in order to state a claim against them. He does not do so for Superintendent Gourley. Accordingly, the Court must dismiss the Section 1983 claim(s) against Superintendent Gourley under 28 U.S.C. § 1915A(b)(1) for lack of personal involvement.

---

[27]  *See id.* (affirming dismissal of claims against prison officials for lack of personal involvement when officials' "only involvement" was "their review and denial of [plaintiff]'s grievance"); *Lewis v. Wetzel*, 153 F. Supp. 3d 678, 696-97 (M.D. Pa. 2015) (collecting cases); *Brooks v. Beard*, 167 F. App'x 923, 925 (3d Cir. 2006) (nonprecedential); *Alexander v. Gennarini*, 144 F. App'x 924, 925 (3d Cir. 2005) (nonprecedential) (explaining that prisoner's claims against certain defendants were "properly dismissed" because the allegations against them "merely assert their involvement in the post-incident grievance process").

[28]  Doc. 1 at 1.

## B.    Claim(s) Against SCI Camp Hill

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by *a person* acting under color of state law."[29]  Only "persons" are subject to suit under Section 1983, and entities such as state agencies, prisons, medical departments, or private medical companies generally do not qualify as "persons" for purposes of Section 1983.[30]

Lee, therefore, cannot sue SCI Camp Hill under Section 1983 because that state prison, which is part of the Pennsylvania Department of Corrections (DOC), is not a "person" subject to Section 1983 liability.[31]  Additionally, to the extent that Lee intends to sue the DOC—the state agency in charge of SCI Camp Hill—any claim against a state agency is akin to suing the state itself, and such claims are

---

[29]  *Rehberg v. Paulk*, 566 U.S. 356, 361 (2012) (emphasis added) (citing *Imbler v. Pachtman*, 424 U.S. 409, 417 (1976) (citing 42 U.S.C. § 1983)).

[30]  *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64-65, 71 (1989) (explaining that a state is not a "person" for Section 1983 purposes); *Fischer v. Cahill*, 474 F.2d 991, 992 (3d Cir. 1973) (holding that "New Jersey Prison Medical Department" was a state agency and not a "person" under Section 1983); *Slagle v. County of Clarion*, 435 F.3d 262, 264 n.3 (3d Cir. 2006) (affirming on other grounds and observing that district court properly "dismissed Clarion County Jail as a defendant in this case," quoting district court's reasoning that "'it is well established in the Third Circuit that a prison is not a "person" subject to suit under federal civil rights laws'"); *Stankowski v. Farley*, 487 F. Supp. 2d 543, 554 (M.D. Pa. 2007) (finding that PrimeCare Medical is not a "person for purposes of Section 1983" and thus not subject to liability under that statute); *Foye v. Wexford Health Sources Inc.*, 675 F. App'x 210, 215 (3d Cir. 2017) (nonprecedential) (dismissing Section 1983 claims against prison and Department of Corrections because they "are not persons subject to suit under" Section 1983).

[31]  *See Fischer*, 474 F.2d at 992; *Slagle*, 435 F.3d at 264 n.3; *Foye*, 675 F. App'x at 215.

7

generally barred by Eleventh Amendment sovereign immunity.[32]  Accordingly, any Section 1983 claim against SCI Camp Hill will be dismissed with prejudice pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

### C.    First Amendment Free Speech

The Third Circuit has recognized that inmates have a First Amendment free-speech right in confidentiality with regard to attorney-client communication and court mail.[33]  There does not need to be an independent injury to assert such a First Amendment claim, as "protection of an inmate's freedom to engage in protected communications is a constitutional end in itself."[34]

Lee claims that the rejection of his legal mail from the United States District Court for the District of Minnesota on three occasions violates his free speech rights.  Specifically, he appears to challenge the constitutionality of the DOC's mail policy, DC-ADM 803,[35] whereby legal or "privileged" mail is rejected if it lacks an appropriate control code or has incorrect coding.  Notably, Lee does not

---

[32] *See Harper v. Jeffries*, 808 F.2d 281, 284 n.4 (3d Cir. 1986) (noting that any Section 1983 action by prisoner against Pennsylvania Parole Board is barred by Eleventh Amendment); *Laskaris v. Thornburgh*, 661 F.2d 23, 25 (3d Cir. 1981) ("The eleventh amendment's bar [against civil rights suits in federal court targeting a state] extends to suits against departments or agencies of the state having no existence apart from the state."); *Foye*, 675 F. App'x at 215.

[33] *See Jones v. Brown*, 461 F.3d 353, 358-59 (3d Cir. 2006).

[34] *Id.* at 360.

[35] COMMONWEALTH OF PA., DEP'T OF CORR., INMATE MAIL & INCOMING PUBLICATIONS, Policy No. DC-ADM 803 (Aug. 10, 2020), https://www.pa.gov/content/dam/copapwp-pagov/en/cor/documents/about-us/doc-policies/803%20Inmate%20Mail%20and%20Incoming%20Publications.pdf.

assert that his privileged mail was censored in error or in violation of current policy; he simply maintains that the DOC's policy is unconstitutional and needs to be changed so that inmates receive their privileged mail even if it is not coded correctly.[36]  He further opines that the policy is ripe for abuse, as corrections officers could, "out of spite," randomly return privileged mail to its sender instead of delivering it to the addressee.[37]

Lee's challenge to the constitutionality of the DOC's privileged mail policy is a nonstarter.  In *Fontroy v. Beard*, 559 F.3d 173 (3d Cir. 2009), the United States Court of Appeals for the Third Circuit rejected a First Amendment free speech challenge to the DOC's policy of requiring attorney and court control numbers on legal (or "privileged") mail.  In its rationale, the Third Circuit explicitly rejected Lee's assertion that there is no "penological interest" in not delivering purported privileged mail that is uncoded or incorrectly coded, explaining that prisoners had previously gamed the legal mail system by using false attorney or court return addresses to smuggle contraband into prisons through privileged mail.[38]

Thus, Lee's claim—that SCI Camp Hill's rejection of his privileged mail for coding deficiencies violates his free speech rights—fails at the outset.  The DOC's mail policy with respect to privileged mail control numbers has already withstood

---

[36]  *See* Doc. 1 at 4.
[37]  *Id.* at 2.
[38]  *Fontroy*, 559 F.3d at 178.

judicial scrutiny,[39] so Lee's free speech claim challenging this policy will be dismissed for failure to state a claim under 28 U.S.C. § 1915A(b)(1).

### D.    First and Fourteenth Amendment Access to Courts

Under the First and Fourteenth Amendments to the United States Constitution, "prisoners retain a right of access to the courts."[40]  Inmates, however, may only proceed on access-to-courts claims in two situations: "challenges (direct or collateral) to their sentences and conditions of confinement."[41]  To adequately plead an access-to-courts claim that is backward-looking in nature,[42] the prisoner must allege "(1) that they suffered an 'actual injury'—that they lost a chance to pursue a 'nonfrivolous' or 'arguable' underlying claim; and (2) that they have no other 'remedy that may be awarded as recompense' for the lost claim other than in the present denial of access suit."[43]  The underlying claim must be described well enough to demonstrate that it is "more than hope," and the complaint must set out the "lost remedy."[44]

Simple recitation of the access-to-courts elements reveals that Lee has not plausibly alleged either element of this cause of action.  First and foremost, Lee

---

[39]  *See id.* at 174, 184.

[40]  *Monroe v. Beard*, 536 F.3d 198, 205 (3d Cir. 2008) (citing *Lewis v. Casey*, 518 U.S. 343, 346 (1996)).

[41]  *Id.* (citing *Lewis*, 518 U.S. at 354-55).

[42]  There is also a category of access-to-courts claims that is forward-looking, in which plaintiffs allege that "systematic official action frustrates a plaintiff or plaintiff class in preparing and filing suits at the present time."  *Christopher v. Harbury*, 536 U.S. 403, 413 (2002).

[43]  *Monroe*, 536 F.3d at 205 (quoting *Christopher*, 536 U.S. at 415).

[44]  *See Christopher*, 536 U.S. at 416-17.

has not alleged that he lost the opportunity to pursue a nonfrivolous underlying challenge to his criminal sentence or a conditions-of-confinement claim.  In fact, there is no "underlying claim" specified in Lee's complaint.  Although he references court mail from the District of Minnesota, he does not explain what that federal litigation entails or if the three rejected letters had any effect on that case.  Second, Lee has not alleged that he has no other remedy other than an access-to-courts lawsuit.  Without pleading the bare elements of an access-to-courts claim, any such claim must be dismissed pursuant to Section 1915A(b)(1).

### E.    Fourteenth Amendment Procedural Due Process

It is possible that Lee is asserting a Fourteenth Amendment procedural due process claim regarding the rejection of his incoming legal mail.  If so, that claim falls short as well.

Lee is correct that prisoners and those corresponding with them have a liberty interest in "uncensored communication by letter."[45]  Accordingly, it has long been held that in order to comply with due process, "the decision to censor or withhold delivery of a particular letter must be accompanied by minimum procedural safeguards."[46]  Those safeguards are (1) notice, and (2) a reasonable

---

[45]    *Procunier v. Martinez*, 416 U.S. 396, 418 (1976), *overruled on other grounds by Thornburgh v. Abbott*, 490 U.S. 401 (1989).

[46]    *Id.* at 417.

opportunity to challenge the original official's decision to censor the incoming mail with a different prison official.[47]

The fundamental problem for Lee's procedural due process claim is that he has been afforded all the process required by law. As the exhibit to Lee's complaint plainly demonstrates, under DC-ADM 803, when a prisoner has a piece of incoming correspondence confiscated, he is provided with an "Unacceptable Correspondence Form" that explains the reason for the confiscation and informs the prisoner that he can appeal the decision to the prison's Facility Manager.[48] The sender is likewise informed of the rejection and may appeal the decision as well.[49] Lee received notice of the mail rejections and an opportunity to challenge those decisions with a different prison official, so from the face of the complaint it is obvious that there was no procedural due process violation. This claim will also be dismissed under Section 1915A(b)(1) for failure to state a claim for relief.[50]

## F.    Claim(s) Against Cumberland County, Pennsylvania

As noted above, Lee names Cumberland County, Pennsylvania, as a defendant in this action. He does not, however, explain how Cumberland County

---

[47]    *See Vogt v. Wetzel*, 8 F.4th 182, 186 (3d Cir. 2021) (citing and quoting *Procunier*, 416 U.S. at 417-19).

[48]    *See* Doc. 1-1 at 3; *see also* DC-ADM 803 §§ 1(B)(1)(c), 1(B)(2).

[49]    *See* Doc. 1-1 at 3; DC-ADM 803 § 1(B)(2)(c).

[50]    Even if Lee had plausibly alleged a procedural due process violation, he has not sued any defendant who could be responsible for the purported constitutional wrong. This is yet another reason why dismissal is required.

12

is or could be involved in this lawsuit.  Although SCI Camp Hill is situated in

Cumberland County, it is a *state* correctional institution controlled and operated by

a *state* agency, the Pennsylvania Department of Corrections.  And, as also noted

above,[51] if Lee is attempting to sue a state agency or the state itself for money

damages, he cannot do so under Section 1983.  Consequently, any Section 1983

claim against Cumberland County will also be dismissed for failure to state a claim

upon which relief may be granted.[52]

### G.    Claims for Injunctive Relief

As part of his requested relief, Lee seeks injunctive relief regarding the

DOC's treatment of incoming privileged mail that is uncoded (*i.e.*, lacking a court

control number) or incorrectly coded.  This claim for prospective injunctive relief

is deficient for two reasons.  First, Lee has not identified a constitutional violation

with respect to the DOC's treatment of incoming privileged mail, so his claim for

injunctive relief has no merit.  Second, Lee has been released from SCI Camp Hill

---

[51] *See supra* Section III(B).

[52] It is possible that Lee may be attempting to assert a Section 1983 claim against Cumberland County for an unconstitutional policy or practice.  *See Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 690 n.55 (1978).  If so, he faces two significant problems.  First, Lee has not plausibly alleged how Cumberland County has anything to do with the management, operation, or policies of SCI Camp Hill, a state correctional institution.  Second, and perhaps more importantly, he has not identified a prison policy that is violative of the constitution.

and the custody of the Commonwealth of Pennsylvania, so his claim for injunctive

relief regarding the Pennsylvania DOC's mail policy is moot.[53]

### H.    Leave to Amend

Generally, "plaintiffs who file complaints subject to dismissal under [the

Prison Litigation Reform Act of 1995] should receive leave to amend unless

amendment would be inequitable or futile."[54]  Lee will be granted limited leave to

amend in the event that he can plead facts that would plausibly state a Section 1983

claim.

However, any Section 1983 claim against SCI Camp Hill will be dismissed

with prejudice, as that entity is not a "person" for purposes of Section 1983, so

granting leave to amend this claim would be futile.  Additionally, to the extent that

Lee is attempting to challenge the DOC's treatment of privileged mail (including

its requirement of control numbers) as a First Amendment free speech violation,

that claim is also dismissed with prejudice, as such a challenge has already been

rejected by the Third Circuit.

If Lee chooses to file an amended complaint in conformity with this

Memorandum, it should be a stand-alone document, complete in itself and without

reference to any previous pleadings.  The amended complaint should set forth his

---

[53]  *See Abdul-Akbar v. Watson*, 4 F.3d 195, 197 (3d Cir. 1993) (finding moot inmate's claim for injunctive relief regarding legal access in prison's maximum security unit, as inmate had been released from that unit well before district court ruled on the claim).

[54]  *Grayson*, 293 F.3d at 114.

Section 1983 claim or claims in short, concise, and plain statements, and in sequentially numbered paragraphs.  Lee must leave one-inch margins on all four sides of his pleading.[55]  Any exhibits or documents he wishes to present should be attached to his amended complaint.  Lee *may not* include claims that have been dismissed with prejudice.  He must name proper defendants and specify the offending actions taken by a particular defendant.  He must also sign the amended complaint and indicate the nature of the relief sought.

If Lee does not timely file an amended complaint, dismissal of any Section 1983 claims without prejudice will automatically convert to dismissal with prejudice and the Court will close this case.

## IV.    CONCLUSION

Based on the foregoing, the Court will dismiss Lee's complaint pursuant to 28 U.S.C. § 1915A(b)(1) because he fails to state a claim upon which relief may be granted.  Lee may file an amended complaint in accordance with this Memorandum.  An appropriate Order follows.

BY THE COURT:


*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

---

[55]    *See* LOCAL RULE OF COURT 5.1.